**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) **CIVIL ACTION** |
| v. | ) |
| | ) **FILE NO. _____** |
| JOHN DOES 1-5 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff United Parcel Service, Inc. ("UPS" or "the Company"), by and through its undersigned counsel, files this Complaint against John Does 1-5, and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1.     Plaintiff UPS is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.

2.     Defendants John Does 1-5 are individuals who have obtained UPS's confidential business information and trade secrets without permission or authorization.

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1836.  This Court has jurisdiction over UPS's state law claims pursuant 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

4.     Venue is proper in this Court because a substantial part of the events giving rise to the dispute occurred in this district.  28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### UPS's Trade Secrets

5.     UPS maintains a fleet of aircraft, manages the Company's aircraft needs, and employs thousands of pilots.

6.     As part of managing its overall business, UPS engages in strategic planning regarding its aircraft.  These strategic plans contain highly confidential, propriety information that is valuable to UPS and that could be used by third parties and competitors to the detriment of UPS, for example, in negotiating contracts.

7.     In August 2017, certain UPS employees developed strategic plans regarding the Company's aircraft.  These plans were developed for, among other things, reporting to senior executives of the Company in late August 2017 so that they could make certain strategic business and financial decisions.  Portions of these plans were included in a PowerPoint presentation created by this limited group of

UPS employees (the "PowerPoint").  In preparation for the meeting, a very limited number of UPS employees had access to the PowerPoint for the purpose of its drafting and editing.

8.     The PowerPoint was used for a presentation on August 30, 2017 to at least one of UPS's senior executives.

9.     The PowerPoint, including any parts thereof, contains confidential business information and trade secrets and relates to UPS's activities and business methods such that it derived actual or potential economic value from not being generally known to the public, UPS's competitors, and third parties with which UPS negotiates and maintains contracts.

10.    The PowerPoint, including any parts thereof, contains trade secrets that relate to products and/or services used in, or intended for use in, interstate or foreign commerce.

11.    UPS took and continues to take reasonable steps to ensure the secrecy of its trade secrets.  Access to the PowerPoint was limited.  UPS separately informed the individuals involved in drafting, editing, and presenting the PowerPoint that the PowerPoint and the information contained therein was confidential and proprietary and was not otherwise to be disclosed to any other individuals not working on the PowerPoint.

12.     In addition, the John Doe Defendants that are employees of UPS are bound by the UPS Code of Business Conduct, which outlines UPS's policies and practices to safeguard all confidential and proprietary business information and specifically prohibits the disclosure of any confidential or proprietary information. UPS also expects that all employees will abide by its UPS Business Code of Conduct.  A true and correct copy of the UPS Code of Conduct it attached hereto as Exhibit A.

### Acquisition and Disclosure of UPS's Trade Secrets

13.     At some point, an unknown UPS pilot wrongfully obtained a copy of the PowerPoint.  The unknown UPS pilot knew that the PowerPoint contained UPS's trade secrets.  On or about September 27, 2017, the unknown UPS pilot posted statements on an online pilot discussion forum about UPS's confidential strategic plans regarding its aircraft.  At the same time, the unknown UPS pilot also posted on the website a link to a Dropbox folder where individuals could view and download the PowerPoint that was wrongfully obtained by the unknown UPS pilot.

14.     The unknown UPS pilot who acquired the PowerPoint did not have permission or authority from UPS to possess or distribute the PowerPoint or the UPS confidential information contained in the PowerPoint.

15.    Upon information and belief, the unknown UPS pilot, and perhaps others who may have retrieved it via the Dropbox link, presently maintain copies of the PowerPoint without the permission or authority of UPS.  Therefore, there is a threat of further disclosure of the PowerPoint to other individuals.

16.    In addition to the online posting of the PowerPoint, at two separate September 2017 meetings of UPS pilots and others, certain unknown UPS pilots had in their possession hard copies of the PowerPoint.  These unknown UPS pilots knew that the PowerPoint contained UPS's confidential and proprietary information and did not have the permission or authority of UPS to possess the PowerPoint or the UPS confidential information contained in the PowerPoint.

17.    These unknown UPS pilots disclosed the contents of the PowerPoint to other individuals without the permission or authority of UPS.  These unknown UPS pilots presently maintain copies of the PowerPoint without the permission or authority of UPS.  Therefore, there is a threat of further disclosure of the PowerPoint to other individuals.

18.    As a result of the acquisition and disclosure of the PowerPoint by certain unknown UPS pilots as described above, UPS's confidential information has been disclosed to individuals without the permission or authority of UPS.

19.    As a result of the disclosure of the PowerPoint to individuals without the permission or authority of UPS as described above, the Company has suffered damages.

## COUNT ONE

### VIOLATION OF THE DEFEND TRADE SECRETS ACT

20.    UPS incorporates paragraphs 1-19 above as if fully stated herein.

21.    As a result of their employment and positions of trust with UPS, the John Doe Defendants that are employees of UPS had access to the Company's valuable trade secrets, including but not limited to the PowerPoint.

22.    The PowerPoint contains confidential business information that is not commonly known by or available to the public.

23.    UPS derives actual or potential economic value from this information not generally being known to or being readily ascertainable by other persons who can obtain economic value from its disclosure or use.

24.    The PowerPoint and the information that it contains constitutes a trade secret under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*

25.    This trade secret and confidential business information is the subject of UPS's reasonable efforts to maintain its secrecy.

26.     This trade secret and confidential business information relates to products and/or services used in, or intended for use in, interstate or foreign commerce.

27.     The John Doe Defendants improperly obtained this trade secret and confidential business information and misappropriated it by sharing it with others without the permission or authorization of UPS.  To date, the John Doe Defendants continue to unlawfully use and disclose UPS's trade secret and confidential business information.

28.     The John Doe Defendants have acted willfully, maliciously, and in bad faith at all material times during their acquisition and disclosure of UPS's trade secret.

29.     The PowerPoint and the information within it maintained their trade secret status at the time the John Doe Defendants disclosed them publicly.

30.     The John Doe Defendants' acquisition and disclosure of UPS's trade secret is in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*

31.     The John Doe Defendants' acquisition and disclosure of UPS's trade secrets directly and proximately caused UPS substantial damages and irreparable harm.  The John Doe Defendants' conduct entitles UPS to damages pursuant to 18 U.S.C. § 1836(b)(3).

## COUNT TWO

## VIOLATION OF GEORGIA TRADE SECRETS ACT

32.     UPS incorporates paragraphs 1-31 above as if fully stated herein.

33.     The PowerPoint is confidential business information that is not commonly known by or available to the public.

34.     UPS derives actual or potential economic value from this information not generally being known to or being readily ascertainable by other persons who can obtain economic value from its disclosure or use.

35.     This confidential business information is a trade secret and is the subject of UPS's reasonable efforts to maintain its secrecy.

36.     The John Doe Defendants stole or otherwise improperly obtained this trade secret and confidential business information and misappropriated it by sharing it with others without the permission or authorization of UPS.

37.     This information maintained its trade secret status at the time the John Doe Defendants disclosed it publicly.

38.     The John Doe Defendants' conduct is in violation of the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760 *et seq*.

39.     The John Doe Defendants' conduct directly and proximately caused UPS substantial damages and irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.      That judgment be entered in its favor and against the Defendants;

2.      That Plaintiff be awarded expenses of litigation and reasonable attorneys' fees against the Defendants; and

3.      That Plaintiff be awarded such further relief as the Court deems just and proper under the circumstances.

**Jury Trial Demanded.**

This 2nd day of October, 2017.

By: /s/ Christopher A. Riley
Christopher A. Riley
Georgia Bar No. 60634
Meredith Jones Kingsley
Georgia Bar No. 793726
Leanne M. Marek
Georgia Bar No. 270935
Caroline M. Rawls
Georgia Bar No. 250168
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Telephone:  404-881-7000
Facsimile: 404-881-7777
chris.riley@alston.com
meredith.kingsley@alston.com
leanne.marek@alston.com
caroline.rawls@alston.com

*Attorneys for Plaintiff*
*United Parcel Service, Inc.*